**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| **TRE'ANYA GUDGER**, on behalf of herself and others similarly situated, | : |
| | : |
| Plaintiff, | : CASE NO. 3:22-cv-239 |
| | : |
| v. | : JUDGE |
| | : |
| **CARECORE HEALTH LLC**, c/o Eric M. Simon 200 Public Square, Suite 3500 Cleveland, OH 44114, | : MAGISTRATE JUDGE |
| | : |
| | : |
| | : |
| Defendant. | : |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR
VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Tre'Anya Gudger ("Named Plaintiff"), individually and on behalf of others similarly situated, to file her Complaint against Defendant CareCore Health LLC ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; O.R.C. § 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA collectively "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.      JURISDICTION AND VENUE**

1.      This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant conducts substantial business in the Southern District of Ohio.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendant from approximately February 2022 to August 2022.

6. Named Plaintiff was employed as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts. Specifically, Named Plaintiff was employed by Defendant in the medical records department at its Mary Scott location in Dayton, Ohio. During her employment, Named Plaintiff has worked forty (40) or more hours in one or more workweek(s).

7. During Named Plaintiff's employment with Defendant, Defendant required a daily unpaid thirty (30) minute meal break deduction from Named Plaintiff's and similarly situated hourly employees' hours worked. Defendant generally required a thirty (30) minute deduction from Named Plaintiff's and similarly situated hourly employees' daily hours worked for a meal

...

break. Named Plaintiff and similarly situated hourly employees often were unable to actually take a full 30-minute meal break ("bona fide meal break"), or their meal breaks were interrupted by having to perform substantive work duties. This work time resulted in Named Plaintiff and other similarly situated hourly employees not being fully and properly paid for all of their hours worked in violation of the FLSA and Ohio Acts.

8. Named Plaintiff brings this action on behalf of herself and other similarly situated hourly employees and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

### B. Defendant

9. Defendant is a limited liability company that operates and conducts substantial business activities throughout Ohio, including in the Southern District of Ohio.

10. Defendant provides individualized care plans and long-term care communities, operating eight (8) life plan communities throughout the State of Ohio.[1]

11. Upon information and belief, Defendant manages and operates the business activities of its communities, and all of these communities maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

12. Defendant employed Named Plaintiff and other similarly situated hourly

---

[1] *See* CARECORE HEALTH, https://carecorehealth.com/ (last visited Aug. 22, 2022). These locations include (but are not necessarily limited to) CareCore at Lakeridge in Cincinnati, Ohio; CareCore at Lima in Lima, Ohio; CareCore at Meadows in Cincinnati, Ohio; CareCore at Montgomery in Cincinnati, Ohio; CareCore at Westmoreland in Chillicothe, Ohio; CareCore at Willowood in Brunswick, Ohio; CareCore at Garden Park in Cincinnati, Ohio (also potentially known as "Garden Park Health Center"); and CareCore at Mary Scott in Dayton, Ohio. *Id.* (toggling over the "Locations" menu and selecting to view each separate location).

employees at its communities; specifically, Defendant employed Named Plaintiff at CareCore at the Mary Scott community in Dayton, Ohio.

13. Defendant has authority to, and does, hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintains employee records. Defendant and its numerous communities form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

14. Because the work performed by Named Plaintiff and all other similarly situated hourly employees directly benefited Defendant and directly or indirectly furthered their joint interests, Defendant and its numerous registered entities are collectively the joint employers of Named Plaintiff and other similarly situated hourly employees under the FLSA's definition of "employer."

15. Defendant has substantial control over Named Plaintiff's and similarly situated hourly employees' working conditions and over the unlawful policies and practices alleged herein.

16. Defendant directly or indirectly controls the terms and conditions of Named Plaintiff's work and the work of similarly situated hourly employees.

17. Defendant maintained control, oversight, and direction over Named Plaintiff and similarly situated hourly employees, including but not limited to hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

18. Upon information and belief, Defendant applies, or causes to be applied, substantially the same employment policies, practices, and procedures to all hourly employees at all of its locations and under all of their entities, including policies, practices, and procedures

relating to payment of minimum wages, overtime wages, timekeeping, and meal deductions.

19. Defendant is an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

20. Defendant has gross revenue that exceeds $500,000.00 per year.

21. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. FACTS

22. During all times relevant, Named Plaintiff and Defendant's other similarly situated employees were hourly, non-exempt employees who were entitled to overtime compensation.

23. Named Plaintiff and other similarly situated hourly employees worked, or were scheduled to work, more than forty (40) hours in one or more workweek(s).

24. During their employment with Defendant, Named Plaintiff and other similarly situated hourly employees were not fully and properly paid for all overtime wages because Defendant required a 30-minute meal break deduction to their compensable hours worked, even when Named Plaintiff and other similarly situated hourly employees were unable to take a full, uninterrupted 30-minute meal break.

25. Specifically, Defendant required the deduction of a daily 30-minute meal break from the compensable hours worked by Named Plaintiff and other similarly situated hourly employees.

26. Named Plaintiff and other similarly situated hourly employees generally did not clock in and out for meal breaks; rather, Defendant usually applied the 30-minute meal break deduction.

27. Although Defendant required the deduction of a daily 30-minute meal break,

Named Plaintiff and other similarly situated hourly employees were often unable to take a meal break, took a shortened meal break, or had their meal break interrupted with substantive job duties.

28. Named Plaintiff and other similarly situated hourly employees were oftentimes too busy with work to take a full, 30-minute meal break.

29. Defendant did not maintain a legitimate and reasonable policy and/or practice whereby Named Plaintiff and other similarly situated hourly employees could identify and report occasions when they did not have a bona fide meal period.

30. Consequently, Defendant deducted a daily 30-minute meal break from its hourly employees' hours worked, regardless of whether Named Plaintiff and other similarly situated hourly employees received a full, uninterrupted 30-minute bona fide meal break.

31. As a result of Defendant's companywide policy and/or practice requiring a 30-minute meal deduction from its hourly, non-exempt hourly employees' compensable hours worked for meal breaks that were not taken at all, were shortened, or were otherwise interrupted by work duties, and Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated hourly employees for all hours worked.

32. Named Plaintiff and other similarly situated hourly employees regularly worked more than forty (40) hours per week, or they would have worked more than forty (40) hours per week if their hours were not reduced by the meal break deduction, yet they were not paid one-and-one-half times (1.5x) their regular rates of pay for all of hours worked over forty (40) as a result of Defendant's deduction of thirty (30) minutes for meal breaks that were not taken, were shortened, or were otherwise interrupted by work.

33. Defendant's failure to compensate Named Plaintiff and other similarly situated hourly employees, as set forth above, resulted in unpaid overtime.

34. At all times relevant herein, Named Plaintiff and other similarly situated hourly employees were employees as defined in the FLSA and the Ohio Acts.

35. Defendant is and has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

36. During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated hourly employees to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay as a result of Defendant's companywide policies and/or practices described above that affected Named Plaintiff and all other similarly situated hourly employees.

37. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

38. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

39. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

40. Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated hourly employees of the opt-in collective. The FLSA collective consists of the following:

**All current and former hourly employees of Defendant who**

> **were required to have a daily meal break deduction and were paid for at least forty (40) hours of work in any workweek, beginning three (3) years prior to the filing date of this Complaint and continuing through final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

41. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

42. In addition to Named Plaintiff, the FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful payroll policies and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the FLSA Collective Members overtime at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of those other similarly situated hourly employees and is acting on behalf of their interests as well as her own in bringing this action.

43. The identities of the FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt-in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

44. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits and was unjustly enriched at the expense of Named Plaintiff and the FLSA Collective Members.

## V.     RULE 23 CLASS ALLEGATIONS

45. Named Plaintiff brings her Ohio Acts claims pursuant to Rule 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former hourly, non-exempt employees of Defendant who were required to have a daily meal break deduction and were paid for at least forty (40) hours of work in any workweek, beginning two (2) years prior to the filing date of this Complaint and continuing through final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

46. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times (1.5x) their correct regular rates of pay, as that phrase is defined under the FLSA, for all hours worked in excess of forty (40) because of Defendant's companywide policies and/or practices of requiring a meal break deduction to be taken even if employees do not receive a full, uninterrupted meal break.

47. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

48. Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

49. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

50. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

51. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

52. Questions of law and fact are common to the Ohio Rule 23 Class.

53. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Acts by failing to pay the Ohio Rule 23 Class for work because of the applied meal break deductions; (b) whether Defendant's violations of the Ohio Acts were knowing and willful; (c) what amount of unpaid and/or withheld wages, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (d) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or not paid to them.

54. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt, hourly employees.

55. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

56. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

57. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel

are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

58. All of the preceding paragraphs are realleged as if fully rewritten herein.

59. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

60. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

61. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

62. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

63. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendant's meal break deduction policies and/or practices described herein.

64. Named Plaintiff and the FLSA Collective Members were not exempt from

receiving FLSA overtime benefits.

65. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

66. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were otherwise not kept by Defendant.

67. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## COUNT II:
## O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

68. All of the preceding paragraphs are realleged as if fully rewritten herein.

69. This claim is brought under the Ohio Wage Act.

70. Named Plaintiff and the Ohio Rule 23 Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

71. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

72. Named Plaintiff and the Ohio Rule 23 Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime for all hours worked over forty (40) in a workweek for workweeks wherein they had a meal break deduction taken notwithstanding that they did not take a full, uninterrupted meal break.

73. Named Plaintiff and the Ohio Rule 23 Members were not exempt from the wage protections of Ohio law.

74. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Members were entitled.

75. For Defendant's violations of the Ohio Wage Act, by which Named Plaintiff and the Ohio Rule 23 Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Ohio Rule 23 Members.

## COUNT III:
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

78. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members are and have been employed by Defendant within the meaning of the OPPA.

79. The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule

23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

80. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendant also violated the OPPA.

81. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

82. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

83. As a result of Defendant's willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## COUNT IV:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

84. All of the preceding paragraphs are realleged as if fully rewritten herein.

85. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; 29 C.F.R. §§ 516.2, *et seq*.

86. During times material to this complaint, Defendant was a covered employer and was required to comply with the Ohio Wage Act's mandates.

87. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

88. Upon information and belief, during times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours that Named Plaintiff and

the Ohio Rule 23 Class Members worked each workday and within each workweek.

89. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE**, as to Counts I through IV, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D. Finding that Defendant failed to keep accurate records in accordance with the Ohio Wage Act and that, as a result, Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G. Awarding to Named Plaintiff and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman