UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRE'ANYA GUDGER,

    Plaintiff,

vs.

CARECORE HEALTH LLC,

    Defendant.

Case No. 3:22-cv-239

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO STAY A RULING ON PLAINTIFF'S CONDITIONAL CERTIFICATION MOTION (Doc. No. 17); (2) STAYING A RULING ON THE CONDITIONAL CERTIFICATION MOTION (Doc. No. 10) PENDING THE OUTCOME IN *Clark v. A&L Home Care & Training Ctr.*, No. 22-3101 (6th Cir. Feb. 4, 2022); (3) DECLARING THAT EQUITABLE TOLLING SHALL APPLY TO THE STATUTE OF LIMITATIONS GOVERNING PLAINTIFF'S FAIR LABOR STANDARDS ACT CLAIMS; AND (4) REQUIRING THE PARTIES TO INFORM THE COURT WHEN THE SIXTH CIRCUIT REACHES ITS DECISION**

---

This civil case, premised on federal question jurisdiction, is before the Court on Defendant's motion to stay. Doc. No. 17. Plaintiff, through counsel, responded in opposition. Doc. No. 23. Defendant replied, Doc. No. 25, and this matter is ripe for review.

**I.**

Plaintiff brings this lawsuit on behalf of herself and all similarly situated employees, alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), and Ohio law, in not affording them full pay for the hours they worked while in Defendant's employment. *See* Doc. No. 1 at PageID 2–3. She also asks this Court to grant a conditional certification pursuant to 29 U.S.C. § 216(b), which permits a collective action to proceed against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); Doc. No. 10.

The Sixth Circuit has not yet ruled on what constitutes the proper standard, but district courts in the Sixth Circuit generally "use a two-phase inquiry to address whether proposed co-plaintiffs are similarly situated for the purposes of the statute's requirements." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011); *see also York v. Velox Express, Inc.*, 524 F. Supp. 3d 679, 685 (W.D. Ky. 2021); *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015). First, before discovery, a "plaintiff must only 'show that his position is similar, not identical, to the positions held by the putative class member.'" *York*, 524 F. Supp. 3d at 685 (quoting *Comer v. Wal-Mart, Stores, Inc.*, 454 F.3d 544, 546–47 (6th Cir. 2006)). At this phase, "named plaintiffs need only make a 'modest factual showing' that they are similarly situated to proposed class members." *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (quoting *Waggoner*, 110 F. Supp. 3d at 764). "The standard at the first step is 'fairly lenient . . . and typically results in "conditional certification" of a representative class.'" *Id.* (quoting *Comer*, 454 F.3d at 547). "In the second phase, the defendant may file a motion to decertify the class and the court revisits, with greater scrutiny, the question of whether the class members are, in fact, similarly situated." *York*, 524 F. Supp. 3d at 685 (internal quotation marks and citation omitted); *see also Holder v. A&L Home Care & Training Ctr., LLC*, 552 F. Supp. 3d 731, 738 (S.D. Ohio 2021).

Defendant's motion seizes on this lack of clarity from the Sixth Circuit and notifies the Court that the Sixth Circuit has before it a case that should definitively resolve whether this two-phase approach to FLSA certification is the applicable standard. *See Holder v. A&L Home Care & Training Ctr., LLC*, No. 22-3101 (6th Cir. Feb. 4, 2022) (civil case docketed). There, the Sixth Circuit will consider whether to adopt a contrary approach that the Fifth Circuit approved in *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021), when it held that, rather than use

2

the two-phase approach, district courts should "rigorously enforce [the similarity requirement] at the outset of the litigation." *Swales*, 985 F.3d at 443.  In turn, Defendant argues, this Court should stay its ruling on the conditional certification motion until the Sixth Circuit resolves that appeal. *See* Doc. No. 17 at PageID 217–18.  Plaintiff opposes, arguing that: (1) district courts in the Sixth Circuit apply the two-phase inquiry frequently; (2) her claim will succeed on the merits, notwithstanding the pending appeal; and (3) this Court has denied a stay pending the outcome of the appeal in a similar case. *See* Doc. No. 23 at PageID 295–99.  However, both parties agree that, if the Court stays these proceedings, the statute of limitations governing her FLSA claims ought to be equitably tolled.  *See id.* at PageID 299–300; Doc. No. 25 at PageID 324.

## II.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 623 U.S. 866, 879 n.6 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)); *see also FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014).  This decision is discretionary, *E.M.A. Nationwide*, 767 F.3d at 626–27, but a district court "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).  "There is no precise test in this Circuit for when a stay is appropriate." *Schobert v. CSX Transp. Inc.*, 504 F. Supp. 3d 753, 812 (S.D. Ohio 2020) (quoting *Ferrell v. Wyeth-Ayerst Labs, Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005)).  However, this Court considers "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be 'unduly prejudiced or tactically disadvantaged'; (4) whether a stay will simplify the issues; and (5) whether a stay would lessen the burden of litigation for the parties and the court[,]" among other factors, in making this

decision. *Id.* (quoting *Kirby Devs., LLC v. XPO Glob. Forwarding, Inc.*, No. 2:18-cv-500, 2018 WL 6075071, at *2 (S.D. Ohio Nov. 30, 2020)); *see also Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010). The movant "bears the burden of showing both a need for delay and that neither the other party nor the public will suffer harm from entry of the order." *Schobert*, 504 F. Supp. 3d at 812 (internal quotation marks omitted) (quoting *Kirby Devs.*, 2018 WL 6075071, at *2).

## III.

Defendant satisfies its burden, relying on the applicable factors, and shows that a stay is warranted in the present case. The stay is necessary here to resolve the crux of Plaintiff's pending motion for class certification under the correct standard. *See* Doc. No. 10; *Mullen v. Chaac Midwest Pizza, LLC*, No. 1:20-cv-893, 2022 WL 673187, at *6 (S.D. Ohio Mar. 7, 2022). Likewise, at this early stage in the litigation, the Sixth Circuit's "clarification will reduce the danger of having to consider this issue twice should the Sixth Circuit decide that the two-step certification process is no longer viable, which would redound to the benefit of the parties as well as the Court." *Cordell v. Sugar Creek Packing Co.*, No. 2:21-cv-755, 2022 WL 4111175, at *3 (S.D. Ohio Aug. 16, 2022). Any prejudice to Plaintiff will be easily mitigated if this Court, per the parties' joint request, equitably tolls the statute of limitations on her FLSA claims—a "common" occurrence when, as here, the delay is attributable to the district court and not the plaintiff. *Id.* (quoting *Biggs v. Quicken Loans, Inc.*, No. 10-CV-11928, 2014 WL 12661985, at *5 (E.D. Mich. Feb. 19, 2014)); *see also, e.g.*, *Betts v. Cent. Ohio Gaming Ventures, LLC*, 351 F. Supp. 3d 1072, 1076–77 (S.D. Ohio 2019) ("When notification to potential class members is impeded by an excessive court delay, equitable tolling helps ensure that plaintiffs are not 'penalized due to the courts' heavy dockets'" (quoting *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014))). Finally, a stay here would simplify Plaintiff's class certification

4

issue—given that the Sixth Circuit will issue further guidance on how that doctrine ought to be applied—and would prevent the parties from having to redo this stage if the Court were to apply the two-phase class certification scheme before the Sixth Circuit issues a contrary opinion. *See, e.g.*, *Cordell*, 2022 WL 4111175, at *3; *McCall v. Soft-Lite, LLC*, No. 5:22-cv-816, 2023 WL 272322, at *2 (N.D. Ohio Jan. 18, 2023).

Plaintiff's arguments are unpersuasive. Even if district courts throughout the Sixth Circuit apply the two-phase inquiry, that will prove irrelevant to the present case if the Sixth Circuit were to adopt a contrary test. Moreover, the case that Plaintiff relies upon, in which this Court denied a stay pending the outcome of the appeal at the Sixth Circuit, "appears to be an outlier" when compared with most decisions in this district—all of which granted a stay. *Cordell*, 2022 WL 4111175, at *3; *see Mullen*, 2022 WL 673187, at *6; *McLemore v. KAV Health Grp., LLC*, No. 3:22-cv-155, 2022 WL 17490394, at *1–2 (S.D. Ohio Nov. 18, 2022); *Lovendahl v. Kroger Co.*, No. 1:21-CV-00350, 2022 WL 594806, at *2 (S.D. Ohio Feb. 28, 2022). Thus, the Court will grant the stay.

## IV.

For the reasons stated, the Court: (1) **GRANTS** Defendant's motion to stay a ruling on Plaintiff's conditional certification motion (Doc. No. 17); (2) **STAYS** its ruling on the conditional certification motion (Doc. No. 10) pending the Sixth Circuit's decision in *Clark v. A&L Home Care & Training Ctr.*, No. 22-3101 (6th Cir. Feb. 4, 2022); (3) **DECLARES** that equitable tolling shall apply to the statute of limitations governing Plaintiff's FLSA claims; and (4) **REQUIRES** the parties to inform the Court once the Sixth Circuit reaches its decision in the pending appeal.

**IT IS SO ORDERED.**

Date:   February 1, 2023                    s/Michael J. Newman
                                            Hon. Michael J. Newman
                                            United States District Judge