UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRE'ANYA GUDGER, *for herself
and all others similarly situated*,

    Plaintiffs,

vs.

CARECORE HEALTH, LLC,

    Defendant.

Case No. 3:22-cv-239

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

**ORDER GRANTING NAMED PLAINTIFFS' MOTION FOR COURT-FACILITATED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS (Doc. No. 10)**

Named Plaintiffs Tre'Anya Gudger and Jenna Friend's (collectively "Named Plaintiffs") bring this case as a collective action against Defendant CareCore Health, LLC for its alleged failure to pay employees overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Doc. No. 9. They also raise class action claims for violations of the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, *et seq*.; and the Ohio Prompt Pay Act, O.R.C. § 4113.15. *Id*. The case is before the Court on Named Plaintiffs' motion for Court-facilitated notice to potential opt-in plaintiffs pursuant to the FLSA, 29 U.S.C. § 216(b).[1] Doc. No. 10. Named Plaintiffs seek court-facilitated notice to the following potential opt-in plaintiffs:

---

[1] The Sixth Circuit has rejected use of the term "certification" in connection with FLSA claims raised in a collective action. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023). The Court thus construes Named Plaintiffs' original motion, which is structured as a "motion for conditional certification and court-supervised notice to potential opt-in plaintiffs," as a "motion for Court-facilitated notice to potential opt-in plaintiffs." This aligns with the approach in FLSA cases that district courts have adopted post-*Clark*. *See Clark*, 68 F.4th at 1009; *see, e.g.*, *Murphy v. Kettering Adventist Healthcare*, No. 3:23-CV-69, 2023 WL 6536893, at *1 (S.D. Ohio Oct. 5, 2023), *reconsideration denied*, No. 3:23-CV-69, 2023 WL 7515517 (S.D. Ohio Nov. 14, 2023).

> All current and former hourly medical employees[2] of Defendant who (1) had a meal break deduction and/or (2) received additional remuneration in any workweek that they were paid for at least forty (40) hours of work, beginning three (3) years prior to the filing date of this Motion and continuing through the final disposition of this case.

Doc. No. 10 at PageID 74. After the parties fully briefed the motion, the Court issued a stay pending the Sixth Circuit Court of Appeals' decision in *Clark v. A&L Homecare & Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023). Doc. No. 27. *Clark* changed the test for determining whether to issue Court-facilitated notice to potential opt-in plaintiffs in an action brought under the FLSA § 216(b). *Clark*, 68 F.4th at 1011. In response to the Court's Order, the parties filed supplemental briefing addressing the new *Clark* standard and the instant motion. Doc. Nos. 32, 35, 36, 45. Thus, this matter is ripe for review.

### I. Background

Named Plaintiffs brought a collective and class action against Defendant for its alleged failure to pay employees overtime wages, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, *et seq.*; and the Ohio Prompt Pay Act, O.R.C. § 4113.15. Doc. No. 9. Named Plaintiffs brought their FLSA overtime claims as a representative action on behalf of themselves and all other similarly situated employees of the opt-in collective. *Id.*

Defendant owns and operates eight individualized care and long-term care communities throughout Ohio. *Id.* at PageID 57. Defendant employs hourly medical employees at these facilities such as State Tested Nursing Assistants ("STNAs"), Certified Nursing Assistants ("CNAs"), Licensed Practical Nurses ("LPNs"), and medical records staff, including Named Plaintiffs, Opt-In Plaintiffs, and others. Doc. No. 10 at PageID 77. During the relevant times,

---

[2] "Medical employees" includes all employees providing direct care or working in medical records. Doc. No. 10 at PageID 74, n.1.

2

Defendant employed Named Plaintiffs—Gudger worked as an hourly medical records employee and Friend worked as an hourly STNA. Doc. No. 9 at PageID 55-56.

Named Plaintiffs allege that Defendant failed to properly pay overtime wages to them and other direct care workers because, among other reasons: (1) Defendant automatically deducted a thirty-minute unpaid meal break each day, but employees could not actually take a thirty-minute break ("meal break practice"); and (2) Defendant did not count certain bonuses in employees' regular pay rate and, as a result, did not properly calculate the overtime rate ("bonus practice"). *Id.* at PageID 60-65.

## II. Standard of Review

The FLSA mandates that employers pay a federal minimum wage and overtime to certain types of employees. 29 U.S.C. §§ 206(a), 207(a). Employees may sue for alleged violations of those mandates on "behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he [or she] gives his [or her] consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* "Thus—assuming [potential opt-ins] are 'similarly situated'—other employees become parties to an FLSA suit only if they affirmatively choose to do so." *Clark*, 68 F.4th at 1007.

District courts engage in a two-step inquiry to determine whether plaintiffs are similarly situated. *See id.* at 1008; *see also Murphy v. Kettering Adventist Healthcare*, No. 3:23-CV-69, 2023 WL 6536893, at *3 (S.D. Ohio Oct. 5, 2023). The Sixth Circuit in *Clark* maintained the two-step inquiry but established a new standard for step-one: determining when to issue notice to potential plaintiffs. *Clark*, 68 F.4th at 1011. At step one, Named Plaintiffs "must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* This

standard "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.* This new standard replaced the more lenient pre-*Clark* standard. *Simpson v. Adena Health Sys.*, No. 2:23-CV-02633, 2024 WL 3418137, at *1-2 (S.D. Ohio July 15, 2024). "If the [Named] plaintiffs meet their burden, the [d]istrict [c]ourt will permit them to send notice to other employees advising them of their right to participate in the litigation." *Foley v. Wildcat Invs., LLC*, No. 2:21-CV-5234, 2023 WL 4485571, at *2 (S.D. Ohio July 12, 2023).

At step-two (which occurs after discovery), the Court must decide whether the employees are "in fact similarly situated" to the Named Plaintiffs. *Clark*, 68 F.4th at 1010-11; *Murphy*, 2023 WL 6536893, at *3. If the court decides that Named Plaintiffs are similarly situated to the opt-ins by a preponderance of the evidence, the opt-ins become parties to the suit and can proceed collectively with Named Plaintiffs to trial. *Murphy*, 2023 WL 6536893, at *3.

### III. Analysis

#### A. Similarly Situated Inquiry

The FLSA does not define "similarly situated." To determine whether Named Plaintiffs are similarly situated, courts consider a variety of factors including: (1) the "factual and employment settings of the individual[ ] plaintiffs"; (2) "the different defenses to which the plaintiffs may be subject on an individual basis"; (3) "the degree of fairness and procedural impact of certifying the action as a collective action," *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on different grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016) (internal quotations omitted); and (4) "whether the named plaintiff submits affidavits from opt-in plaintiffs[.]" *Gifford v. Northwood Healthcare Grp., LLC*, No. 2:22-CV-4389, 2023 WL 5352509, at *3 (S.D. Ohio Aug. 21, 2023); *Hogan v. Cleveland Ave Rest., Inc.*,

4

690 F. Supp. 3d 759, 776 (S.D. Ohio 2023). No single factor is determinative, and Named Plaintiffs do not need to show they are identical to others. *Hogan*, F. Supp. 3d at 773, 775-76. Named Plaintiffs bear the burden of showing the opt-in plaintiffs are similarly situated. *O'Brien*, 575 F.3d at 584.

Named Plaintiffs argue that there is substantial evidence that other employees are "similarly situated" to them in that Defendant routinely failed to properly pay overtime to them and other medical employees by: (1) automatically deducting a thirty-minute unpaid meal break each day, which employees could not actually take; and (2) excluding certain bonuses from employee's regular pay rate, and as a result, improperly calculating the overtime rate. Doc. Nos. 10, 32.

Defendant argues Named Plaintiffs have not met their burden. Specifically, Defendant alleges: (1) Named Plaintiffs and potential opt-in plaintiffs are not similarly situated based on job title, location, and supervisor; and (2) Named Plaintiffs failed to allege a company-wide meal break policy as evidence by other employees who followed the company policy. Doc. Nos. 16, 35.

Upon review, the Court finds that Named Plaintiffs have carried their burden of showing a "strong likelihood" under these circumstances that they and other potential opt-ins are similarly situated, even if not identically situated. *Clark*, 58 F.4th at 1011. In support of their claims, Named Plaintiffs offered their own declarations about the meal break practice, and Named Plaintiff Friend offered a declaration about the bonus practice. Doc. Nos. 10-2, 10-3. Named Plaintiffs offered four additional declarations and four representative examples of miscalculated overtime when a Named Plaintiff or a potential opt-in plaintiff received a bonus across different Defendant facilities. Doc. No. 10-2 (Gudger Decl.); Doc. No. 10-3 (Friend Decl.); Doc. No. 10-4 (Allen Decl.); Doc. No. 10-5 (Bishop Decl.); Doc. No. 10-6 (Cain Decl.); Doc. No. 32-9 (Robertson

5

Decl.); Doc. Nos. 32-1, 32-2, 32-3, 32-4 (representative pay statements with bonus issue). These additional declarations support that the declarants were not properly paid overtime because of the meal break practice, the bonus practice, or both, and that both practices were company-wide policies or practices. *See O'Brien*, 575 F.3d at 585. The submitted handbooks from Defendant's different facilities show identical meal break and timekeeping policies across the facilities. *See* Doc. No. 16-1 at PageID 176-83. Together, this evidence establishes that Named Plaintiffs have satisfied the burden of showing a "'strong likelihood' that those employees are similarly situated to the plaintiffs themselves" at the court-facilitated notice step. *Clark*, 68 F.4th at 1011.

Defendant attempts to fault Named Plaintiffs for not presenting identical information. Doc. No. 35 at PageID 441. This misses the mark. "[P]laintiffs do not have to be 'identically situated' to be similarly situated." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 402 (6th Cir. 2017); *see, e.g.*, *Gifford*, 2023 WL 5352509, at *3. The potential opt-in plaintiffs work at different facilities, but all testified to similar experiences. *See* Doc. No. 10-2 (Gudger Decl.); Doc. No. 10-3 (Friend Decl.); Doc. No. 10-4 (Allen Decl.); Doc. No. 10-5 (Bishop Decl.); Doc. No. 10-6 (Cain Decl.); Doc. No. 32-9 (Robertson Decl.).

Defendant also argues it did not violate the FLSA because it has a policy allowing employees to request repayment when they work through lunch. To that end, Defendant relies on other employees' declarations following this policy. Doc. No. 35 at PageID 443-45, 448-56. Courts commonly refer to these declarations as "happy camper" declarations because the declarations tend to come from hand-selected employees. *Murphy*, 2023 WL 6536893, at *5. Courts tend to "give[] little or no weight at the court[-]facilitated notice stage" to "happy camper" declarations. *Id.* (citing *Slaughter v. RMLS Hop Ohio, LLC*, No. 2:19-cv-3812, 2020 WL 1929383, at *8 (S.D. Ohio Apr. 21, 2020) (collecting cases)). Defendant accurately states, "an employer

6

generally may automatically deduct meal breaks if the employer has a way for employees to request payment for any time spent working during that break." *Wesel v. Certus Healthcare Mgmt., LLC*, No. 2:23-CV-1479, 2024 WL 794375, at *3 (S.D. Ohio Feb. 26, 2024) (citing *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 876 (6th Cir. 2012)). However, an exception exists "if an employer knows that employees regularly work through meal breaks yet still automatically deducts those breaks[.]" *Id.* (citing *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 390 (6th Cir. 2016)). Named Plaintiffs' allegations and declarations suggest this exception may apply. Moreover, several courts within this Circuit, including this Court, have endorsed finding that an official policy does not negate the existence of an FLSA-violating practice, as Named Plaintiffs allege with the meal break policy. *See Murphy*, 2023 WL 6536893, at *6 (collecting cases). Defendant's argument also "requires the Court to weigh competing merits arguments, which is inappropriate at this stage." *Wesel*, 2024 WL 794375, at *3.

Since Named Plaintiffs met their burden to show the potential opt-in plaintiffs are similarly situated, the Court will now turn to Named Plaintiffs' Proposed Notice.

### B. Content and Scope of the Notice

#### 1. Undisputed Modifications to the Notice

Named Plaintiffs do not dispute three of Defendant's proposed modifications to the Notice. First, Named Plaintiffs and Defendant agree that the language "additional renumeration" should be changed to "bonuses and/or shift differentials." Doc. No. 16 at PageID 162; Doc. No. 22 at PageID 281. Second, Named Plaintiffs and Defendant agree that the language should read "hourly, non-exempt medical employees" under "What is this Case about?[.]" Doc. No. 16 at PageID 163; Doc. No. 22 at PageID 284-85. Third, Named Plaintiffs and Defendant agree to add Defendant's proposed language on opt-in plaintiffs' right to seek alternative counsel. Doc. No. 16 at PageID

7

166; Doc. No. 22 at PageID 288. Accordingly, the Court **ORDERS** Named Plaintiffs to revise the Notice to include these three pieces of information.

### 2. Disputed Modifications to the Notice

Defendant also points to several alleged deficiencies in Named Plaintiffs' Proposed Notice. Doc. No. 16 at PageID 162-67. First, Defendant states the term "medical employees" in the Notice is too vague. Doc. No. 16 at PageID 162. The Court is also concerned about the broad nature of the term "medical employees" in Named Plaintiffs' Proposed Notice. Named Plaintiffs define medical employees in the Notice as "includ[ing] all employees providing direct care or working in medical records." Doc. No. 10-1 at PageID 90. However, this definition does not define "direct care" and provides limited parameters about who falls into this category. In their briefing, Named Plaintiffs explain medical employees include "Tested Nursing Assistants ("STNAs"), Certified Nursing Assistants ("CNAs"), Licensed Practical Nurses ("LPNs"), and medical records staff." Doc. No. 10 at PageID 77. Named Plaintiffs may continue to use "medical employees" as shorthand, but the Court **ORDERS** Named Plaintiffs to make clear in their Notice that the term only applies to the previously listed job titles. *See Murphy*, 2023 WL 6536893, at *8.

Next, Defendant requests a two-year notice period, instead of a three-year notice period. Doc. No. 16 at PageID 163. The FLSA contains a three-year limitation period for claiming a willful FSLA violation. 29 U.S.C. § 255(a). A three-year look back period is appropriate at this stage because "a determination of whether FLSA violations are willful is better suited for a later stage of litigation." *Crace v. Viking Grp., Inc.*, No. 3:20-CV-176, 2021 WL 764072, at *7 (S.D. Ohio Feb. 26, 2021) (quoting *Slaughter*, 2020 WL 1929383, at *10) (internal quotation marks omitted). Therefore, at this stage, the Court **DECLINES** Defendant's requested change.

8

Defendant also objects to a 90-day opt-in period and requests a 45-day opt-in period. Doc. No. 16 at PageID 165. Named Plaintiffs oppose the 45-day and suggest the 90-day notice period allows the court to "err on the side of inclusivity[.]" Doc. No. 22 at PageID 26-67. Consistent with other cases in this district, the Court finds a 90-day opt-in period appropriate in this case and **DECLINES** to make Defendant's requested change. *See Murphy*, 2023 WL 6536893, at *9 (collecting cases).

Defendant next requests that Named Plaintiffs' Notice should reference the possibility of opt-ins paying for Defendant's litigation costs if Defendant prevails. Doc. No. 16 at PageID 165. Named Plaintiffs argue the current trend in this district is to deny this request because it could chill participation. Doc. No. 22 at PageID 287. District courts in the Sixth Circuit are split on whether to include this language. *See Murphy*, 2023 WL 6536893, at *9 (collecting cases). While the Court understands Named Plaintiffs' concern, it is important that potential opt-in plaintiffs understand this possible outcome of the case before deciding to join. As such, the Court **ORDERS** Named Plaintiffs to include information in the Notice about the possibility that opt-in plaintiffs might be required to pay Defendant's litigation costs if Defendant prevails.

Finally, Defendant requests 30 days to provide Named Plaintiffs with a comma-delimited list of individuals who fit the description of the Notice. Doc. No. 16 at 166-67. Named Plaintiffs request that Defendant provide the information within 14 days. Doc. No. 22 at PageID 288. Given the number of potential employees and former employees and delays in this case, the Court **FINDS** that a 30-day period is appropriate.

## IV. Conclusion

For the reasons set forth above, Named Plaintiffs' motion for Court-facilitated notice to potential opt-in plaintiffs (Doc. No. 10) is **GRANTED**, and Named Plaintiffs' notice documents

9

are **APPROVED** contingent upon them making the required edits outlined above. This Court **FURTHER ORDERS** as follows:

- Named Plaintiffs shall make the required edits to the notice and consent forms within **FOURTEEN (14) DAYS** of the date of this Order, and to circulate the Revised Notice Documents to Defendant upon completion;

- Defendant shall provide, within **THIRTY (30) DAYS** of the date of this Order, an electronic spreadsheet in Microsoft Excel, or comma-delimited format, a roster of all individuals that fit the definition laid out above, *supra*, at 2, 8, that includes their full names, dates of employment, last known home addresses, and personal email addresses ("Roster"); and

- Within **FOURTEEN (14) DAYS** of receiving the Roster, the Revised Notice Documents shall be sent to the individuals on the Roster by first class mail and email.

**IT IS SO ORDERED.**

May 6, 2025                            s/*Michael J. Newman*
                                                                          Hon. Michael J. Newman
                                                                          United States District Judge